Filed 3/19/13  Demari v. Desert Oasis Mobile Estates CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JULIET DEMARI et al.,<br><br>     Plaintiffs and Appellants,<br><br>          v.<br><br>DESERT OASIS MOBILE ESTATES, LLC, et al.,<br><br>     Defendants and Respondents. | F064419<br><br>(Super. Ct. No. CV-271639)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Sidney P. Chapin, Judge.

Law Offices of Olaf Landsgaard and Olaf Arthur Landsgaard for Plaintiffs and Appellants.

Borton Petrini, James J. Braze and Michael J. Stump for Defendants and Respondents.

---

[*]     Before Cornell, Acting P.J., Poochigian, J. and Franson, J.

-ooOoo-

Appellants, Juliet Demari, individually and doing business as Leona Homes and Westline Financial, and Doug Holland, challenge the trial court's award of attorney fees to respondents, Desert Oasis Estates, LLC, Alfons Von Den Stemmen and Blanca Gonzalez. Appellants contend the contracts they sued on did not contain an attorney fee provision and therefore attorney fees were not recoverable. However, an additional agreement was incorporated into the contracts that did include an attorney fees provision. Accordingly, attorney fees were authorized. Therefore, the judgment will be affirmed.

## BACKGROUND

Appellants entered into contracts, referred to as the Leona contracts, with respondents that allowed appellants to place mobile homes in the Desert Oasis Mobilehome Park to sell or rent. Appellants were to pay respondents storage fees for the homes. Appellants also agreed "Each home seller brings to park is to conform to the Desert Oasis Mobile Estates 'Mobilehome Storage Agreement' (Exhibit A). And there must be a separate agreement for each home." The "Mobilehome Storage Agreement" provides "[t]he prevailing party to any action necessary to enforce a party's right under this Agreement, will be entitled to recover its reasonable attorney fees and costs."

Appellants sued respondents for breach of contract. Respondents' demurrer to the complaint was sustained without leave to amend. Thereafter, the trial court awarded attorney fees to respondents as the prevailing parties based on the attorney fee provision contained in exhibit A, the Mobilehome Storage Agreement, incorporated into the Leona contracts.

## DISCUSSION

In their motion for attorney fees, respondents included the Mobilehome Storage Agreements behind the copies of the Leona contracts that appellants sued on. As noted above, each Leona contract referred to the Mobilehome Storage Agreement and designated it as exhibit A. Appellants contend the trial court erred in basing the attorney

2.

fees award on the Mobilehome Storage Agreements because those agreements were not authenticated, were unsigned, and being unsigned, were not enforceable under the statute of frauds.

It is the law that the parties may incorporate by reference into their contract the terms of some other document. Accordingly, the contract may include the provisions of a document not physically a part of the basic contract. (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1331.) Although the reference must be clear and unequivocal, and called to the attention of the other party who must consent thereto, the contract need not recite that it incorporates another document, so long as it guides the reader to the incorporated document. (*Shaw v. Regents of University of California* (1997) 58 Cal.App.4th 44, 54.)

Here, the Leona contracts referred to the Mobilehome Storage Agreements. This reference was clear and unequivocal. Further, appellants agreed that each home they brought to the Desert Oasis Mobilehome Park would conform to this agreement. Accordingly, it must be inferred that the terms of the Mobilehome Storage Agreement were known or easily available to appellants. Thus, the Mobilehome Storage Agreement was part of each Leona contract and appellants were bound by its terms. (*Wolschlager v. Fidelity National Title Insurance Co.* (2003) 111 Cal.App.4th 784, 791.) Since both documents must be considered as a whole (*Kraemer v. Kraemer* (1959) 167 Cal.App.2d 291, 301), and appellants signed the Leona contract, appellants are bound by the terms of the Mobilehome Storage Agreement despite that agreement being unsigned. Further, appellants have not demonstrated that the trial court erred in finding that the proffered Mobilehome Storage Agreement was part of each Leona contract.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to respondents.